UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JUNJIANG JI, on behalf of himself and others
similarly situated,

                                                **MEMORANDUM & ORDER**
              Plaintiff,                    15-CV-4194 (JMA)(SIL)

    -against-

JLING INC. d/b/a SHOWA HIBACHI, JANNEN
OF AMERICA, INC. d/b/a SHOWA HIBACHI,
JOHN ZHONG E HU, and JIA LING HU,

              Defendants.
----------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

      Plaintiff Junjiang Ji ("Plaintiff" or "Ji") brings this action against Defendants Jling Inc. d/b/a Showa Hibachi, Jannen of America, Inc. d/b/a Showa Hibachi, John Zhong E Hu, and Jia Ling Hu (collectively, "Defendants"), on behalf of himself and others similarly situated, alleging, among other things, violations of: (i) the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*; and (ii) the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190 *et seq. See* Docket Entry ("DE") [1]. Presently before the Court, on referral for decision from the Honorable Joan M. Azrack, is Plaintiff's motion for an Order: (i) conditionally certifying this action as an FLSA collective action pursuant to 29 U.S.C. § 216(b); (ii) compelling Defendants to provide relevant contact information for potential opt-in plaintiffs; (iii) authorizing dissemination of proposed Notice of Pendency and Consent to Join forms; (iv) equitably tolling the statute of limitations pending expiration of the opt-in period; and (v) compelling Defendants to post the Notice of Pendency in conspicuous locations where potential opt-in plaintiffs worked or are now working. *See* DE [27], [28].

1

Defendants oppose conditional certification and certain aspects of the proposed Notice of Pendency. *See* DE [29]. For the reasons set forth herein, Plaintiff's motion is denied.

## I. BACKGROUND

Unless otherwise noted, the following facts are taken from the Complaint and are accepted as true for purposes of this motion.

### A. Relevant Facts

Defendants own and operate the Showa Hibachi restaurant located at 1929 Wantagh Avenue, Wantagh, New York. *See* Compl., DE [1], ¶¶ 9-22. Defendant Jannen of America, Inc. ("Jannen") is a New York corporation that did business as Showa Hibachi prior to May 9, 2012. *Id.* at ¶¶ 9, 16, 26. On May 9, 2012, Jling, Inc. ("Jling," and with Jannen, the "Corporate Defendants") was established as Jannen's successor entity, and continued to do business as Showa Hibachi. *Id.* at ¶¶ 16, 26. Defendants John Zhong E Hu ("Zhong Hu") and Jia Ling Hu ("Ling Hu," and with Zhong Hu, the "Individual Defendants") are the principals of Showa Hibachi, and they are responsible for, among other things, hiring and firing employees, determining rates of pay, and establishing work schedules at Showa Hibachi, including work hours and days off. *Id.* at ¶¶ 18-22, 35. According to Plaintiff, Zhong Hu was known as "Boss" and Ling Hu was known as "Lady Boss." *Id.* at ¶ 35.

Plaintiff was employed as a cook at Showa Hibachi from approximately September 25, 2006 until July 3, 2015. *Id.* at ¶¶ 8, 38, 153. During that time, he worked between forty-six and seventy-nine hours per week, and was paid a flat rate

of pay between $84 and $105 for each day that he worked. *Id.* at ¶¶ 39-161. Plaintiff also received monthly "incentive bonuses" ranging from $20 to $220 depending on the nature of the work performed. *Id.* According to Plaintiff, Defendants failed to pay him one-and-one-half times his regular rate of pay for hours worked in excess of forty in a given work week despite the fact that he was not exempt from the federal and state overtime pay requirements. *Id.* at ¶¶ 28, 29, 164. Plaintiff further alleges that Defendants: (i) failed to keep full and accurate records in order to mitigate liability for their wage violations; (ii) knowingly and willfully failed to provide Plaintiff and other similarly situated employees with a "Time of Hire Notice" reflecting, among other things, true rates of pay; and (iii) did not post required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, the tip credit, and pay days. *Id.* at ¶¶ 31-34.

**B. <u>Procedural History</u>**

By way of Complaint dated July 16, 2015, Plaintiff commenced this action on behalf of himself and others similarly situated, seeking to recover for, among other things, Defendants' alleged violations of the FLSA and NYLL.[1] *Id.* at ¶¶ 176-211. Plaintiff asserts his claims arising under the FLSA as a putative collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other "former non-exempt kitchen staff, deliverymen, servers, and busboys who have been or were employed by the Defendants . . . and whom [*sic*] were not compensated at least the hourly

---

[1] In addition to his claims arising under the FLSA and NYLL, Plaintiff asserts causes of action on behalf of himself for: (i) fraudulent filing of tax returns in violation of 26 U.S.C. § 7434, and (ii) violation of N.Y. Gen. Bus. Law § 349. *See* Compl. ¶¶ 212-18.

3

minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week." *Id.* at ¶ 166. Plaintiff asserts his claims arising under the NYLL as a putative class action pursuant to Fed. R. Civ. P. 23 "on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case . . . ." *Id.* at ¶ 167.

Plaintiff now seeks conditional certification of this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b) and permission to circulate the proposed Notice of Pendency and Consent to Join forms to all non-managerial employees employed at Showa Hibachi from July 16, 2012 through the present. *See* Memorandum of Law in Support of Plaintiff's Motion for Conditional Certification and Court-Authorized Notice ("Pl.'s Mem."), DE [28], at 1; *see also* Proposed Publication Order ("Proposed Order"), DE [28-5], ¶ 1. According to Plaintiff, Defendants had a common policy and practice of requiring Plaintiff and other potential opt-in plaintiffs "to regularly work in excess of forty (40) hours per workweek for less than the required one-and-one-half times the regular wage rate for work in excess of forty (40) hours." Pl.'s Mem. at 3. In support of the instant motion, Plaintiff relies on his own affidavit in which he identifies nine Showa Hibachi employees who allegedly also did not receive overtime pay. *See* Affidavit of Junjiang Ji in Support of Plaintiff's Motion for Conditional Collective Certification ("Ji Aff."), DE [28-2], ¶¶ 27-35. In opposition, Defendants argue that Plaintiff "cannot establish that Showa Hibachi engaged in a specific, uniform common policy or practice in violation of the FLSA that would make collective relief appropriate . . . ." *See* Defendants' Memorandum of Law in Opposition

4

to Plaintiff's Motion for Conditional Class Certification ("Defs.' Opp'n"), DE [29], at 2. They further argue that Plaintiff has "failed to meet his burden of establishing a sufficient factual nexus between his alleged situation and the alleged situation of any other members of Showa Hibachi's staff . . . ." *Id.* at 2-3.

## II. LEGAL STANDARD

The FLSA provides, in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected . . . . An action to recover the liability . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). "[D]istrict courts 'have discretion, in appropriate cases, to implement [section 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (quoting *Hoffman–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169, 110 S. Ct. 482, 486 (1989)).

Pursuant to Section 207 of the FLSA, employees must be compensated "at a rate not less than one and one-half times the regular rate at which [they are] employed" for every hour worked in excess of forty in a given work week. 29 U.S.C. § 207(a)(1). However, "[t]he FLSA contains several express statutory exemptions from the overtime payment requirement." *Harper v. Gov't Emps. Ins. Co.*, 754 F. Supp. 2d 461, 463 (E.D.N.Y. 2010); *see also* 29 U.S.C. § 213(a) (establishing employees exempt from minimum wage and maximum hour requirements). In order to be

5

exempt from the FLSA's overtime pay requirements, "an employee's 'primary duty' must be the performance of exempt work." 29 C.F.R. § 541.700(a). Whether an employee is exempt "depends less on his title, and more on the actual duties performed." *Harper*, 754 F. Supp. 2d at 463.

Here, Plaintiff alleges Defendants did not pay him one-and-one-half times his normal rate of pay for hours worked in excess of forty in a given week despite the fact that he "was not exempt under federal and state laws requiring employers to pay employees overtime." Compl. ¶ 29. Defendants do not appear to contend that Plaintiff was an exempt employee, but rather, they argue that he did not work more than forty hours per week, and that he and other Showa Hibachi employees were paid hourly rates in compliance with the FLSA. *See* Defs.' Opp'n at 7-8.

### III. DISCUSSION

Courts in the Second Circuit apply a two-step analysis in determining whether an action should be certified as an FLSA collective action. *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010); *see also Mata v. Foodbridge LLC*, No. 14 Civ. 8754, 2015 WL 3457293, at *2 (S.D.N.Y. June 1, 2015) ("[The certification] process entails analysis of whether prospective plaintiffs are 'similarly situated' at two different stages: an early 'notice stage' and again after discovery is fundamentally complete."). First, the court determines whether the proposed class members are "similarly situated." *See Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). If the court determines that the proposed class members are similarly situated, they must consent in writing to be bound by the result, or "opt

6

in." *Id.*; *see also* 29 U.S.C. § 216(b) (requiring that opt-in plaintiffs consent in writing to become a party to a collective action). The second step generally occurs following completion of discovery and requires examination of the evidentiary record to determine whether the opt-in plaintiffs are, in fact, similarly situated. *Bifulco v. Mortg. Zone, Inc.*, 262 F.R.D. 209, 212 (E.D.N.Y. 2009). The present motion concerns only the first step of the certification process—whether the proposed class members are similarly situated such that conditional certification should be granted.

At the conditional certification stage, "the evidentiary standard is lenient." *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 58 (E.D.N.Y. 2011); *see also Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("The burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage."). Plaintiffs seeking conditional certification "need only make a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) (internal quotation omitted). However, "certification is not automatic." *Romero v. H.B. Auto. Grp., Inc.*, No. 11 Civ. 386, 2012 WL 1514810, at *10 (S.D.N.Y. May 1, 2012); *see also Mata*, 2015 WL 3457293, at *2 ("Plaintiff's burden of proof is low, but 'it is not non-existent.'") (quoting *Sanchez v. JMP Ventures L.L.C.*, No. 13 Civ. 7264, 2014 WL 465542, at *10 (S.D.N.Y. Jan. 27, 2014)). To that end, the required "modest factual showing" necessary for conditional certification "cannot be satisfied simply by unsupported assertions." *Myers*, 624 F.3d at 555 (internal quotation omitted). Rather, a plaintiff seeking

7

conditional certification must offer "actual evidence of a factual nexus" between himself and potential opt-in plaintiffs. *Gu v. T.C. Chikurin, Inc.*, No. 13 Civ. 2322, 2014 WL 1515877, at *3 (E.D.N.Y. Apr. 17, 2014); *see also Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950, 2009 WL 1706535, at *3 (E.D.N.Y. June 16, 2009) ("[N]othing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan is required.") (internal quotation omitted); *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) ("[P]laintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law."). The determination that potential opt-in plaintiffs are similarly situated is typically based on the pleadings, affidavits and declarations submitted by the plaintiff. *See Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014) ("[C]ourts in the Second Circuit routinely grant conditional certification for overtime claims based on the statements of the named plaintiff(s) and other supporting affidavits.").

Here, Plaintiff has failed to satisfy his burden in demonstrating a "factual nexus" between himself and the proposed class of potential opt-in plaintiffs. According to Plaintiff, Defendants had a "common policy" of paying non-managerial employees a flat rate per day, regardless of the number of hours worked. *See* Ji Aff. ¶ 36. As a result, Plaintiff claims that he never received overtime pay for hours worked in excess of forty in a given week, and he is unaware of any other Showa Hibachi employees who received overtime pay. *Id.* Plaintiff's sole factual support for

8

his contention that he and all other non-managerial Showa Hibachi employees are similarly situated is his own affidavit in which he describes, among other things, the number of hours he worked and his rate of pay during the course of his employment at Showa Hibachi, as well as the rates of pay for nine other Showa Hibachi employees. *Id.* at ¶¶ 27-35. Although "conditional certification may be granted on the basis of the complaint and the plaintiff's own affidavits," *see Ramos v. Platt*, No. 13 Civ. 8957, 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014), Plaintiff's affidavit submitted in support of the instant motion is insufficient to demonstrate that he is similarly situated to potential opt-in plaintiffs.

Initially, although Plaintiff correctly argues that "[c]ourts have held that a 'blanket' classification policy . . . can meet the low threshold for conditional certification," *see* Pl.'s Mem. at 10, Plaintiff fails to establish any such policy. *Cf. Barbato v. Knightsbridge Props.*, No. 14-CV-7043, 2015 WL 5884134, at *5 (E.D.N.Y. Oct. 8, 2015) (granting motion for conditional certification where all potential opt-in plaintiffs "were classified as exempt despite the nature of their responsibilities," performed identical tasks as the named plaintiffs, and never received overtime compensation). According to Plaintiff, Defendants had a common policy of paying him "and other non-managerial employees a flat rate per day, regardless of the number of hours worked." Ji. Aff. ¶ 36. As a result, Plaintiff never received overtime compensation and he is "unaware of any employees who received any overtime pay at Showa Hibachi." *Id.* Although there is a rebuttable presumption that "a daily or weekly salary does not include an overtime premium for the hours worked in excess

9

of forty hours per week," *see Solis v. Cindy's Total Care, Inc.*, No. 10 Civ. 7242, 2012 WL 28141, at *19 (E.D.N.Y. Jan. 5, 2012), Plaintiff fails to offer any evidence that other Showa Hibachi employees actually worked more than forty hours in a given week and were therefore entitled to overtime pay. Rather, Plaintiff only offers evidence regarding the other employees' rates of pay, and not the number of hours that they worked during the course of their employment. *See* Ji Aff. ¶¶ 27-35. Likewise, although Plaintiff alleges that Defendants "failed to accurately record the total number of hours [he] worked each week" and "required [him] to sign paper[s] stating false hour[s] worked," he does not allege that other Showa Hibachi employees were similarly required to attest to a false number of hours worked. *Id.* at ¶ 37. Because Plaintiff's evidence does not support an inference that that other Showa Hibachi employees were denied overtime pay as a result of Defendants' alleged policy of paying flat-rate salaries, he is unable to demonstrate that he and all non-managerial employees "were victims of a common policy or plan that violated the law." *Doucoure*, 554 F. Supp. 2d at 372.

Further, Plaintiff's affidavit contradicts his contention that he and the employees he seeks to represent are similarly situated because Defendants paid all "non-managerial employees a flat rate per day." *See* Ji Aff. ¶ 36. Specifically, whereas Plaintiff identifies seven employees who were allegedly paid on a flat-rate daily basis, he identifies a chef and a waiter who were allegedly paid on a flat-rate monthly basis. *Id.* at ¶¶ 27-35. Moreover, whereas Plaintiff was employed as a chef at Showa Hibachi, the nine other employees identified in his affidavit held positions

10

including kitchen staff, chef, hibachi chef, sushi chef, sushi bar chef, waiter, and waitress. *Id.* Plaintiff neither describes these employees' duties and responsibilities, nor offers any facts that would support an inference of a common policy applicable to "all non-managerial employees." *Id.* Accordingly, Plaintiff has failed to establish that he and the members of the proposed class are similarly situated such that conditional certification would be appropriate. *See Mata*, 2015 WL 3457293, at *3 ("Plaintiff asserts that he worked for Defendants for four years . . . but provides no factual support demonstrating knowledge of a common scheme impacting the diverse array of employees covered in his Complaint."); *Sanchez*, 2014 WL 465542, at *1-2 (holding that the plaintiff, who was only a delivery person, was not similarly situated to a class of "all tipped employees, including delivery persons, bussers, runners, waiters, and bartenders"); *cf. Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361, 2010 WL 2465488, at *5 (S.D.N.Y. June 16, 2010) (holding that a class of store managers was similarly situated where "they perform[ed] similar duties, and . . . [were] subjected to an allegedly unlawful nationwide corporate policy").

Finally, according to Plaintiff, his knowledge of the rates of pay for seven of the nine other Showa Hibachi employees is "based on conversations amongst the employees," and his knowledge of the remaining two employees' rates is pay is based on his conversations with those employees. *See* Ji Aff. ¶¶ 27-35. However, Plaintiff "does not . . . provide *any* detail as to a *single* such observation or conversation" that formed the basis of his claims. *Sanchez*, 2014 WL 465542, at *2 (emphasis in original). In *Sanchez*, the court held that "where or when these observations or

11

conversations [with coworkers] occurred . . . is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." *Id.*; *see also Guo v. Tommy's Sushi Inc.*, No. 14 Civ. 3964, 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2015) (denying motion for conditional certification of a class of all non-managerial employees based on "unsupported assertions" regarding discussions and comparisons among coworkers); *Ikikhueme v. CulinArt, Inc.*, No. 13 Civ. 293, 2013 WL 2395020, at *2-3 (S.D.N.Y. June 3, 2013) (denying motion for conditional certification supported only by the plaintiff's declaration containing "unsupported assertions" regarding other employees). Indeed, "[s]uch details are particularly important where a conditional certification motion is based on the lone affidavit of a single employee, who performed a single job function." *Mata*, 2015 WL 3457293, at *4. Here, in his affidavit, Plaintiff claims in conclusory fashion that Defendants had a "common policy" of failing to pay overtime pay to non-managerial Showa Hibachi employees. *See* Ji. Aff. ¶ 36. However, because Plaintiff fails to provide any details regarding the observations and conversations that form the basis of his conclusion, his affidavit contains "precisely the kind of unsupported assertions and conclusory allegations that courts in this District have found to be insufficient to conditionally certify a class under § 216(b)." *Sanchez*, 2014 WL 465542, at *2; *see also Wang v. Empire State Auto Corp.*, No. 14-CV-1491, 2015 WL 4603117, at *10 (E.D.N.Y. July 29, 2015) (denying motion for conditional certification where the plaintiff submitted an affidavit but did "not explain the basis of [his] knowledge, identify any employee by name or describe any specific conversations").

12

Based on the foregoing, Plaintiff has failed to satisfy his lenient burden of demonstrating that he and all other non-managerial Showa Hibachi employees are similarly situated. *See Sanchez*, 2014 WL 465542, *1 ("Though . . . the bar for conditional certification of a collective action under the FLSA is low, it is not this low."). Therefore, Plaintiff's motion for conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b) is denied at this time. If, during the course of discovery, additional facts and evidence are disclosed that render certification appropriate, Plaintiff may renew his motion for conditional certification. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 697 (N.D.N.Y. 2015) (denying motion for conditional certification "without prejudice, and with opportunity to renew, if and when discovery . . . yields additional facts and evidence that render such certification appropriate"); *Morales v. Plantworks, Inc.*, No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying motion for conditional certification without prejudice and with leave to renew). Should Plaintiff renew his motion for conditional certification at a later date, he may also renew his request for the additional relief he seeks in the instant motion.[2]

---

[2] Even when denying a motion for conditional certification as a collective action, other courts have compelled defendants to produce the contact information for potential opt-in plaintiffs. *See, e.g.*, *Mata*, 2015 WL 3457293, at *4 (compelling production of contact information for seventeen employees identified in the plaintiff's affidavit). However, because Plaintiff does not provide dates of employment or, in many instances, specific descriptions of the other nine Showa Hibachi employees he identifies, the Court exercises its discretion and declines to compel production of contact information for potential opt-in plaintiffs at this time. *See Liberty Mut. Ins. Co. v. Kohler Co.*, No. 08-CV-867, 2010 WL 1930270, at *2 (E.D.N.Y. May 11, 2010) ("[A] motion to compel is entrusted to the sound discretion of the district court.").

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for conditional certification as an FLSA collective action pursuant to 29 U.S.C. § 216(b) is denied.

Dated: Central Islip, New York
      May 19, 2016

**SO ORDERED**

 s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge