UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JUNJIANG JI and DECHENG LI on behalf
of themselves and others similarly situated,

          15-CV-4194 (SIL)

        Plaintiffs,

  -against-          **MEMORANDUM AND ORDER**

JLING INC. d/b/a Showa Hibachi, JANNEN
OF AMERICA, INC. d/b/a Showa Hibachi,
JOHN ZHONG E HU, JIA LING HU, and
JIA WANG HU,

        Defendants.
---------------------------------------------------------------X

**LOCKE, Magistrate Judge:**

Presently before the Court in this wage and hour litigation, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York Labor Law ("NYLL") § 190 *et seq.*, for overtime and minimum wage pay and related statutory violations, is Plaintiffs' motion *in limine* for the admission into evidence of Plaintiff Junjiang Ji's ("Ji") deposition transcripts *in lieu* of live testimony at trial, or in the alternative to permit him to testify by video from an alternative location, because, since the commencement of this action, Ji has moved to China. *See* Docket Entries ("DE") [69-71]. Defendants oppose the motion. *See* DE [72]. For the reasons set forth below, the motion is granted in part and denied in part. Ji will be permitted to testify at trial by video conference. Plaintiffs will be responsible for making all attendant arrangements so that the testimony may go forward and cover all related

costs. Accordingly, the motion to submit deposition transcripts at trial *in lieu* of live testimony is denied as moot.

## I. Background

The following facts are taken from various pleadings and are provided for context purposes only. Plaintiffs were employed as cooks in the kitchen of a restaurant, Showa Hibachi located in Wantagh, New York. *See* DE [62] (Proposed Pretrial Order). The corporate Defendants, Jling Inc. and Jannen of America, Inc., operated Showa Hibachi during the relevant time period. *Id.*; DE [50] (First Amended Complaint). According to Plaintiffs, the individual Defendants are principals of the corporate Defendants and are liable for all FLSA and NYLL violations. *See* First Amended Complaint.[1]

## II. Discussion

### A. Testimony by Deposition Transcript

Initially Plaintiffs argue that at trial Ji's deposition transcript should be entered into evidence *in lieu* of his live testimony because Ji is unavailable within the meaning of Fed. R. Civ. P. 32 as he presently lives in China and is barred from returning to the United States. According to the relevant provisions of Rule 32,

> [a] party may use for any purpose the deposition of a witness, whether or not a party, if the court finds:

> \* \* \*

---

[1] This action is proceeding in this Court for all purposes pursuant to the parties' consent. *See* DE [68]; 28 U.S.C. § 636. Although the caption is styled as a class action, certification was denied in prior proceedings. *See* DE [33]; *Junjiang Ji v. Jling Inc.*, 15-CV-4194, 2016 WL 2939154 (May 19, 2016) (denying motion for certification).

2

> (B) that the witness is more than 100 miles from the place of . . . trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition[.]

Fed. R. Civ. P. 32(a)(4). The Second Circuit has recognized that this Rule permits the use of a party's own deposition testimony as evidence reasoning that "a suitor not able to afford a New York trip should not be denied all remedy here." *Richmond v. Brooks*, 227 F.2d 490, 492 (2d Cir. 1955); *accord Wal-Mart Stores, Inc.*, 14-CV 5262, 2017 WL 1312968, at *2 (W.D. Ark. Apr. 5, 2017) (corporate party may submit deposition testimony of its president, where the witness was located more than 100 miles away in California). Applying Rule 32, courts have reached different conclusions as to whether an undocumented worker who leaves the country voluntarily, and therefore has no legal basis to return for trial, is "unavailable" sufficient to permit him to submit his deposition transcript *in lieu* of live testimony. *Compare Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1192 (10th Cir. 2004) (district court did not abuse its discretion by excluding a party's deposition transcript where that party claimed he was unable to appear for trial due to concerns about his arrest as a result of his immigration status), *with* Transcript of Trial, *Yi Cao v. Atami on 2nd Avenue, Inc.*, 15 CV 5434 (S.D.N.Y. June 15, 2017) (denying Fed. R. Civ. P. 41 motion to dismiss concluding that where the plaintiff would be unable to attend trial in New York due to his immigration status, and where he failed to arrange to testify by video at trial, his deposition transcript could be submitted into evidence).[2]

---

[2] In reaching this conclusion the *Yi Cao* court distinguished between the situation before it, where the plaintiff was appearing at trial by counsel, who could enter the transcript into evidence and, and where

3

There are several problems with Plaintiffs' motion. Initially, Plaintiffs offer no evidence that Ji is unavailable. No deposition testimony on the topic is attached and no affidavit from Ji is submitted. The only statement that Plaintiffs provide on this subject is in their memorandum of law without citation, referring only generally to the "1996 Illegal Immigration Reform and Responsibility Act," which they invoke in support of their argument that Ji be permitted to testify remotely by video rather than to demonstrate that Ji is actually unavailable. *See* DE [71] at 2-4. The only reference to any evidence comes from Defendants who cite to the transcript of Ji's deposition, during which he stated that he never gave any thought to returning the United States and that he was only of the opinion that any attempt would be unsuccessful, indicating that he had never endeavored to obtain a temporary visa or otherwise appear lawfully at trial. *See* Affirmation of William Brown, DE [72-1], Ex. A.

On this bare record, it would be difficult to determine whether Ji is actually unavailable for the purposes of Rule 32 sufficient to permit him to submit his deposition testimony at trial *in lieu* of his live appearance. Fortunately, and unlike the situation presented to the court in the *Yi Cao* case, where Plaintiffs' counsel here also represented Plaintiff there, Ji has moved in the alternative to appear at trial *via* video link pursuant to Fed. R. Civ. P. 43. The Court will grant that application for the reasons set forth below, thereby obviating the need to submit Ji's deposition

a *pro se* plaintiff was denied the ability to enter a deposition transcript at trial because there was no one there to represent him.

4

transcript in place of his live testimony. Accordingly, Plaintiffs' motion to submit Ji's deposition transcript at trial in place of his live testimony is denied.

### B. Remote Testimony from China

Apparently recognizing that they have not submitted anything but conclusory, and potentially insufficient, statements that Ji is unavailable for trial, Plaintiffs move in the alternative that Ji be permitted to testify remotely by video. According to Rule 43,

> [a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by a contemporaneous transmission from a different location.

Fed. R. Civ. P. 43(a). The Advisory Committee Note to the 1996 amendment takes a conservative approach to application of the rule, noting the "importance of presenting live testimony in court" and that the "ceremony of trial and the presence of the fact finder may exert a powerful force for truthtelling." Fed. R. Civ. P. 43 (Adv. Comm. Note 1996). Accordingly, appearance at trial must be more than merely inconvenient to invoke the rule. *Id*. Indeed, according to the Committee Note, the use of deposition testimony is "superior" to remote transmission because deposition procedures ensure the opportunity of all parties to be represented while the witness is testifying. *Id*.

Applying Rule 43, a witness who has been denied a visa to enter the United States has been permitted to testify by video. *See El-Hadad v. United Arab Emirates*, 496 F.3d 658, 669 (D.C. Cir. 2007). Indeed, low wage workers in wage and hour litigation have been permitted to testify remotely from abroad where the travel would

5

have caused substantial hardship and where their ability to appear may have been impeded by their immigration status. *See Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480-81 (D. Md. 2010) (distinguishing between workers located in Honduras, who would be permitted to testify remotely, and those located in Virginia and Tennessee, who were required to appear in court); *Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 448 (S.D.N.Y. 2012) (permitting plaintiff to testify from abroad *via* video link because of his immigration status); *see also Beltran-Tirado v. INS*, 213 F.3d 1179, 1186 (9th Cir. 2000) (affirming use of telephonic testimony for hearing in California for witness in Missouri); *Salguero v. Argueta*, 17-CV-125, 2017 WL 1113334, at *2 (E.D.N.C. Mar. 23, 2017) (permitting remote testimony to avoid the cost of international travel); *Virtual Architecture, Ltd. v. Rick*, 08 Civ. 5866, 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012) (finding expense and inconvenience of international travel sufficient to permit witness to testify remotely from the Seychelles); *Dagen v. CFC Grp. Holdings*, 00 Civ. 5682, 2003 WL 22533425, at *2 (S.D.N.Y. Nov. 7, 2003) (permitting testimony by telephone of witnesses based in Hong Kong rather than travel to New York where absence of testimony would cause incurable prejudice and travel costs and other considerations were valid concerns); *FTC v. Swedish Match N. Am., Inc.*, 197 F.R.D. 1, 2 (D.D.C. 2000) (permitting witness to testify remotely to avoid inconvenience of travel from Oklahoma to Washington D.C.). Further, there is authority for the proposition that videoconferencing testimony is favorable to the submission of written deposition testimony. *See Sallenger v. City of Springfield*, 03-3093, 2008 WL 2705442, at *1 (C.D. Ill. July 9, 2008). Whether to permit testimony by video is within

6

the court's discretion. *See, e.g.*, *United States v. Kivanc*, 714 F.3d 782, 791 (4th Cir. 2013) (reviewing determination for abuse of discretion); *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 (10th Cir. 2013) (same); 8 Moore's Federal Practice § 43.03 (3d ed. 2017).

Applying these standards, the Court grants Plaintiffs' motion *in limine* to permit Ji to testify remotely at trial by video conference. Initially, the Court recognizes the extreme expense and related inconvenience involved in having to travel from China to the United States for the purpose of a trial. This expense and inconvenience are more significant in the case of an undocumented low wage worker, such as a cook, whom the parties agree was being paid $105 per day, and who risks arrest by his attendance. The opposite conclusion would create an incentive for employers to hire and take advantage of undocumented low wage workers because job losses might cause them to leave the country and thereby forfeit their statutory rights.

Further, the Court notes that Ji was already deposed by videoconference and no issues were brought to the Court's attention in terms of difficulty with logistics. Although the Advisory Committee Note to Rule 43 indicates that the admission of deposition testimony may be preferable to remote testimony by video, the Court disagrees. A video connection for trial, where all parties are present, will allow the trier of fact to assess credibility while subjecting Ji to cross-examination in a manner that a deposition transcript would not allow.[3] In order to safeguard against any

---

[3] The Court notes that the parties have requested a bench trial and so there is no concern about the impact of remote testimony by video somehow influencing a jury.

7

outside influence from the remote location, the Court directs that, with the exception of a videographer with no knowledge of the substantive facts of this case, Ji is to be alone in the room where he is testifying unless the Court directs otherwise, and he may not converse with anyone about his testimony during the course of his testimony. Finally, the Court directs that Plaintiffs be responsible for making whatever arrangements are necessary for the remote testimony including covering whatever costs are incurred.

### III. Conclusion

For the foregoing reasons, Plaintiffs' motion *in limine* is granted in part and denied in part. Plaintiffs' motion is granted in that Ji will be permitted to testify at trial by video link, which Plaintiffs will arrange for and incur the costs of, if any. Further, as procedural safeguards during his testimony, Ji will be alone at his remote location with the exception of a videographer, and will not communicate with anyone about his testimony during such time as he is testifying. Because Ji will be testifying at trial by video, his motion to submit his deposition testimony at trial is denied as moot.

Dated:     Central, Islip, New York
           December 19, 2017           s/ Steven I. Locke
                                                      STEVEN I. LOCKE
                                                      United States Magistrate Judge