# TROY LAW, PLLC

ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

March 27, 2018

**Via ECF**
Hon. Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    **Plaintiffs' Memorandum Explaining No Violation of the Law**
             15-cv-04194-SIL *Ji v. Jling Inc. et al*

Your Honor,

      Pursuant to Your Honor's order on March 26, 2018, Plaintiffs respectfully submit this memorandum to explain why Plaintiff Jun Jiang Ji should be permitted to testify from China. The Chinese law is not applicable because the officer and its administering Mr. Ji's oath are in the <u>United States, not in China, and not by the foreign attorney and/or consular officials in China, but by the court officer of USDC in United States.</u>

      The taking of evidence in United States courts is governed by the Federal Rules of Civil Procedure. Federal Rule 43 permits testimony by contemporaneous transmission. Only judicial assistance between the United States and China is governed by the Vienna Convention on Consular Relations, 21 U.S.T. 77, TIAS 6820, 596 U.N.T.S. 261; the U.S.-China Consular Convention, 33 U.S.T. 3048, TIAS 10209; and the Hague Convention on the Taking of Evidence abroad in Civil and Commercial Matters. *See also* 22 U.S.C. 4215 and 4221.

      Despite being a party to the above conventions, China regards the administering of oaths by foreign attorneys and consular officials as a violation of China's judicial sovereignty. When foreign attorneys or consular officials administer an unauthorized oath <u>in China</u>, the penalties may include arrest, detention, expulsion, or deportation of all participants in the oath.

      Mr. Ji will be, pursuant to this Court's safeguards order, Dkt. No. 73, alone when giving his testimony, and the officer administering Mr. Ji's oath is located in the United States. Therefore, there is no genuine threat of civil or criminal penalties to either Mr. Ji or the officer administering his oath.

      Mr. Ji conferenced and will conference with the Court via Skype from his home in Tianjin, China. We had originally planned for him to conference in from our office in Taiwan, where we would have a videographer present to help conduct the deposition. However, Mr. Ji was not authorized to travel from Tianjin to Taipei. On March 24, 7:17 pm, he was prevented from leaving Fuzhou Chang Le International Airport, where his flight had laid over, for Taipei.

On March 24, at 8:15 pm, I advised Mr. Ji to fly back to Tianjin and to download Skype, because our support staff in Taipei and the Court's IT staff had already determined that Skype would work as a videoconferencing tool. Mr. Ji returned to Tianjin on March 26, at 7:25 am.

For these reasons, we ask that the Court continue to take the testimony of Mr. Ji.

We thank the Court for its attention to and consideration of this matter.

                                                Respectfully submitted,

                                                /s/ John Troy
                                                John Troy
                                                *Attorney for Plaintiffs*

cc:  via ECF
     all attorneys of record