# EXHIBIT I

**William Brown**

| | |
|---|---|
| **From:** | Troy Law <troylaw@troypllc.com> |
| **Sent:** | Friday, April 13, 2018 3:32 PM |
| **To:** | William Brown |
| **Subject:** | 15-cv-04194 Showa Hibachi // Settlement Agreement and Joint Fairness Letter Motion |
| **Attachments:** | 20180412 Settlement Agreement Showa Hibachi.docx; 20180412 Joint Fairness Showa Hibachi.docx |

Dear Mr. Brown,

Attached please find (1) Plaintiffs-Proposed Settlement Agreement with a) Stipulation of Dismissal, and (2) Plaintiffs' Draft of Fairness Letter Motion.

Kindly fill out the address of each Individual/ Owner Defendant,
and the
name and title of the designated corporate representative of each Corporate Defendant
(highlighted).

If the names on the docket/ caption does not reflect the true/ full name of Defendant, we ask that you provide the true/ correct name in your response.

Kindly confirm receipt of this email and advise if both are agreeable with you at your earliest convenience. Should you like to make edits,

<u>**kindly
 track all changes**</u>.

For the Joint Fairness Letter, we ask that you refrain from making changes to Plaintiff's Assessment Section. The Defendant's Assessment section is pre-filled for your convenience only.

Thank you.

Very truly yours,
Troy Law
/mh


### TROY LAW
*Attorneys & Counselors at Law*
Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572

蔡鴻章律師事務所

*Our firm does not accept paper or fax correspondence, including service and production of documents, which must be sent by e-mail
We do not keep originals or copies of clients, clients shall retain all their own*

1

## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) JUNJIANG JI, and DECHENG LI (hereinafter "Plaintiffs") (ii) Jannen of America, Inc.; and Jling, Inc. and JIA WANG HU, JOHN ZHONG EN HU, and JIALING HU (hereinafter, "Defendants"), (Plaintiffs and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiffs were employed by Defendants for certain time periods; and

WHEREAS, on July 16, 2015, JUNJIANG JI, and DECHENG LI, through their attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 15-cv-04194 (the "Complaint"); and

WHEREAS, Defendants deny all claims in Plaintiffs' Complaint;

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiffs have, throughout the negotiation and execution of this Agreement, been represented by their counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Jian Hang, Esq., HANG & ASSOCIATES, PLLC, 136-18 39th Ave., Suite #1003, Tel: 7183538522, Email: jhang@hanglaw.com and

WHEREAS, Plaintiffs' Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses; and

WHEREAS, Plaintiffs' Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiffs' claims and Defendants' defenses (the "Agreement"); and

WHEREAS, Plaintiffs acknowledge that they have entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiffs acknowledge that they understand the meaning and effect of the execution of this Agreement.

THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount and Method of Payment**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiffs' specific release of all wage-and-hour claims only against Defendants and the

Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Twenty Thousand Dollars ($20,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiffs, are documented to the amount of Five Thousand Eight Hundred Eighty-One Dollars And Forty Cents ($5,881.40). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Fourteen Thousand One Hundred Eighteen Dollars And Sixty Cents ($14,118.60).

Of the Net Settlement Amount, One Third (1/3), or Four Thousand Seven Hundred Six Dollars And Twenty Cents($4,706.20), is due to Plaintiffs' attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Five Thousand Eight Hundred Eighty-One Dollars And Forty Cents ($5,881.40) for a total of Ten Thousand Five Hundred Eighty-Seven Dollars And Sixty Cents ($10,587.60). Of the Net Settlement Amount, Two Thirds (2/3), or Nine Thousand Four Hundred Twelve Dollars And Forty Cents($9,412.40) is due to Plaintiffs. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

Of the Settlement Amount due to Plaintiffs, Ninety-Four And Seventy-Four Hundredth Percent (94.74%), or Eight Thousand Nine Hundred Seventeen Dollars And Fifty-Seven Cents ($8,917.57) is due to Plaintiff JUNJIANG JI; and Five And Twenty-Six Hundredth Percent (05.26%), or Four Hundred Ninety-Four Dollars And Eighty-Three Cents ($494.83) is due to Plaintiff DECHENG LI; and .

The allocation percentage is determined as follows: By first finding the sum of compensatory damages (FLSA and NYLL) in the damages computed and one liquidated damage (NYLL) for each Plaintiff; plus Time-of-Hire and Paystub violations and delivery vehicle costs and then finding the total for Plaintiffs; and finding the weight of each Plaintiff's compensatory and liquidated damages of this total.

The Settlement shall be payable on a schedule as set forth as follows:

i) Installment 1 of 1: Twenty Thousand Dollars ($20,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within 1 month of judicial approval of this settlement agreement and consist of four (4) checks:

01) A bank check made payable to "Troy Law, PLLC" in the amount of of Five Thousand Eight Hundred Eighty-One Dollars And Forty Cents ($5,881.40) and memo noting "Jannen of America, Inc. Settlement Pay 1 of 1" representing out-of-pocket costs expended on behalf of Plaintiffs for the present action;

02) A bank check of Four Thousand Seven Hundred Six Dollars And Twenty Cents ($4,706.20), made payable to "Troy Law, PLLC" and memo noting "Jannen of America, Inc. Settlement Pay 1 of 1";

03) A bank check of Eight Thousand Nine Hundred Seventeen Dollars And Fifty-Seven Cents ($8,917.57), made payable to "JUNJIANG JI" and memo noting "Jannen of America, Inc. Settlement Pay 1 of 1";

04) A bank check of Four Hundred Ninety-Four Dollars And Eighty-Three Cents ($494.83), made payable to "DECHENG LI" and memo noting "Jannen of America, Inc. Settlement Pay 1 of 1";

2. **Missed/ Late Payment**

a) If the payment is received by Plaintiffs' counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment and this charge will be paid with the new payment.

b) Defendants agree to pay both Defendants' Counsel and Plaintiffs' counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.

c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

3. **Attorneys' Fees in the Event of Default**

a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiffs' attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

4. **Acceleration of Settlement Sum Upon Default**

a) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

5. **Tax**

a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

6. **Full Payment**

a) Except as set forth in this Paragraph 1, Plaintiffs are not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiffs acknowledge and agree that unless they enter into this agreement, they would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiffs each acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he/ she has each been paid and/or each received all compensation, wages, tips, fees,

bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.
  b) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiffs against Defendants, as alleged in the Complaint, including any claims for wages or overtime pay under state, federal or common law, and any claims for liquidated damages, statutory penalties, attorneys' fees, costs, interest and/or other expenses.

### 7. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiffs, individually and on behalf of their children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) JIA WANG HU, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) JOHN ZHONG EN HU, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) JIALING HU, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iv) Jannen of America, Inc. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (v) Jling, Inc. and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims whatsoever alleged in the Complaint, including liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever pertaining to Plaintiffs' employment with Defendants as specified in the in the Complaint. This release does not include a release of any rights Plaintiffs' may have under this Agreement.

Nothing herein, however, shall prevent Plaintiffs from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiffs further agree and understand that they have each waived their right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by their or on their behalf arising from, or in any way relating to, their employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiffs, Plaintiffs' heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiffs as of the date the Agreement is signed on behalf of Defendants.

### 8. Discontinuance of Claims

Plaintiffs acknowledge and agree that they are not presently aware of any legal proceeding other than the Action pending between Plaintiffs and/or their representatives and Defendants or the Releasees. Plaintiffs agree to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiffs' attorneys shall file by ECF to be So-Ordered by the Court. Plaintiffs shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

### 9. Agreement Not to File Suit/ Arbitration for Past Acts Relating to Federal and State Wage and Hour Claims ONLY

Plaintiffs, for and on their behalf and each of their respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request or action to any court or judicial forum (nor will Plaintiffs permit any person, group of persons, or organization to take such action on their behalf) against the Releasees relating only to Federal and/or State wage and hour claims. Plaintiffs further agree that in the event that any person or entity should bring such a claim, complaint, or action on her behalf, Plaintiffs hereby waive and forfeit any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action relating only to Federal and/or State wage and hour claims and will exercise every good faith effort understand that the provision of this paragraph mean that she cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiffs' execution of this Agreement.

### 10. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiffs have been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiffs, including with respect to Plaintiff's employment, including Plaintiffs' pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 11. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiffs' employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 12. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiffs acknowledge that Defendants have made no promises to them other than those contained in this Agreement.

### 13. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 14. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 15. Legal Counsel

Plaintiffs are hereby advised of their right to consult with an attorney before signing this Agreement. Plaintiffs each hereby acknowledges that they are fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 16. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFFS ACKNOWLEDGE THAT THEY HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO THEIR OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFFS**

JUNJIANG JI

_____
Dated:

DECHENG LI

_____
Dated:

## DEFENDANTS

JIA WANG HU

_____
Dated:


JOHN ZHONG EN HU

_____
Dated:


JIALING HU

_____
Dated:


Jannen of America, Inc.

_____
Name:
Title:
Dated:


Jling, Inc.

_____
Name:
Title:
Dated:

EXHIBIT A.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JI et al.

                                       Plaintiffs,          Case No.15-cv-04194

           v.

Jannen of America, Inc. et al.                 **STIPULATION AND ORDER OF**
                                                                         **DISMISSAL WITH PREJUDICE**

                                       Defendants.
-----------------------------------------------------------x

       IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC                                   HANG & ASSOCIATES, PLLC
*Attorneys for the Plaintiffs*                                 *Attorneys for Defendants*

By: _____          _____
John Troy (JT 0481)                                       Jian Hang, Esq.
41-25 Kissena Blvd., Suite 119                         136-18 39th Ave., Suite #1003
Flushing, NY 11355                                        Flushing, New York 11354
Tel: 718 762 1324                                          Tel: 7183538522

SO ORDERED.

_____

## William Brown

**From:** Troy Law <troylaw@troypllc.com>
**Sent:** Saturday, April 14, 2018 9:06 AM
**To:** William Brown
**Subject:** Re: 15-cv-04194 Showa Hibachi // Settlement Agreement and Joint Fairness Letter Motion

Mr. Brown,

We are informing you that our clients are not willing to sign the settlement agreement.

Troy Law
/mh

### TROY LAW
**Attorneys & Counselors at Law**
Queens: 41-25 Kissena Blvd., Suite 119, Flushing, NY 11355 Tel: (718) 762-1324
Taipei: 11F, No. 372, Linsen N. Rd., Taipei City 10446, Taiwan Tel: +886-2-2571-2572

蔡鴻章律師事務所

*Our firm does not accept paper or fax correspondence including service and production of documents which must be sent by e-mail*
*We do not keep originals or copies of clients; clients shall retain all their own*

On 13 April 2018 at 16:39, William Brown <wbrown@hanglaw.com> wrote:

Received, thank you.

Have a nice weekend,

WILLIAM BROWN, ESQ.

(718)353-8588 (Direct) | (718)353-6288 (Fax)

wbrown@hanglaw.com | www.hanglaw.com

**From:** Troy Law [mailto:troylaw@troypllc.com]
**Sent:** Friday, April 13, 2018 3:32 PM

1